IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GREGORY L. SAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-4140-CV-C-SOW |
| | ) | |
| LAWRENCE CRAWFORD, Director, | ) | |
| Missouri Dept. of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

On October 18, 2006, the remand in this case was received from the United States Court of Appeals for the Eighth Circuit. The appellate court ordered that because success on plaintiffs' due process claims would not necessarily demonstrate the invalidity of their current confinement or its duration, plaintiffs can challenge the parole revocation procedures in a 42 U.S.C. § 1983 action, and need not plead their claims as a petition for habeas corpus.

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Upon remand, defendants moved to dismiss plaintiff Gregory Sams' claims, arguing that his claims are barred by the doctrine of res judicata, based on this court's order of December 28, 2005, which denied plaintiff Sam's 28 U.S.C. § 2254 habeas petition. See Sams v. Denney, 2005 WL 3557418 (W.D. Mo. 2005). Plaintiff Sams' habeas petition had challenged denial of due process during his parole revocation hearing and alleged that the conditions of his parole were unconstitutional.

The doctrine of res judicata precludes the parties (and those in privity with them) from relitigating issues that were or could have been raised in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata applies if: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.); Holloway v. Pigman, No. 91-2570,

slip op. (8th Cir. Mar. 12, 1992) (unpublished). Two claims are the same when they both arise out of the same nucleus of operative fact, or are based upon the same factual predicate. Oberstar v. Federal Deposit Ins. Corp., 987 F.2d 494, 505 (8th Cir. 1993); Murphy v. Jones, 877 F.2d 682, 684-85 (8th Cir. 1989). Plaintiff Sams' claims alleging that the Missouri parole revocation process violates due process are the same as his claims previously adjudicated on the merits by this court, a court of proper jurisdiction, on which a final judgment was entered. Res judicata bars these claims.

Plaintiff Sams' argument that his habeas petition challenged due process violations "within his parole revocation hearing," and that his present section 1983 claim challenges the due process given "prior to his parole revocation hearing," is without merit. Plaintiff Sams' habeas petition not only addressed issues in the revocation hearing, but also issues of process before the hearing, including his allegation that he was not given notice of the alleged parole violations prior to his revocation hearing. Moreover, even if this court, which denied plaintiff Sams' habeas petition, did not specifically address the issue of prerevocation due process, the Missouri Law which plaintiff now seeks to challenge with regard to the revocation of his parole was in effect at the time plaintiff Sams filed the habeas petition, and could or should have been raised by Sams in the case. Based upon the doctrine of res judicata, plaintiff Sams' claims are foreclosed.

Plaintiffs seek class-action certification and corresponding appointment of counsel. In determining the propriety of class action certification, the question is not whether the plaintiff has stated a cause of action or will ultimately prevail on the merits, but rather whether the requirements of Rule 23 are met. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 178 (1974). Class certification is appropriate where:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, a class action may only be maintained if prosecution of separate actions would create a risk of inconsistent or varying adjudications; or that adjudication would substantially impair or impede the interests of members not parties to the adjudication. Fed. R. Civ. P. 23(b). In this case, although there are potentially numerous plaintiffs whose

2

claims and defenses may be similar, there is no necessity that this action be treated as a class action rather than individual actions by plaintiffs. Adjudication of plaintiffs' claims in this case does not pose a risk of inconsistent results or incompatible standards being adjudicated in other cases. The issue for all plaintiffs is whether Missouri law provides adequate due process for parole revocation proceedings. If the Missouri parole revocation procedures are determined to be in violation of constitutional due process, the relief requested herein, a new parole revocation hearing, would be available to other similarly situated inmates who have not been class certified in this case. The difficulties of a class action are not warranted by plaintiffs' claims. See Fed. R. Civ. P. 23(b)(3). Plaintiffs have failed to satisfy their burden of demonstrating that their claims warrant certification of a class action lawsuit or corresponding appointment of counsel.

Plaintiffs also seek leave to supplement their claims, and have filed with their motion proposed supplemental claims. The supplement filed by plaintiffs appears consistent with the claims remanded from the appellate court, and there being no opposition filed by defendants, leave to supplement is granted.

Court records indicate defendants Denis Agniel, Paul Caspari, Christopher Thomson, Elisabeth Simpson, Sharon Housell and Christina Gildersleeve have not been served with summons and the complaint and that the "John Doe" defendants have not been identified or served with summons and the complaint.

Fed. R. Civ. P. 4 permits the court to direct the United States Marshal to serve process in actions brought by indigents. Plaintiffs have been granted leave to proceed in forma pauperis in this case. Plaintiffs are required to furnish the information necessary to identify the defendants and enable the United States Marshal to serve process. Moore v. Jackson, 123 F.3d 1082 (8th Cir. 1997). Plaintiffs should complete the service of process forms provided to them by the clerk of court and return the completed forms, within twenty days, showing the names of the John Doe defendants and the addresses where they may be served, along with the addresses for Denis Agniel, Paul Caspari, Christopher Thomson, Elisabeth Simpson, Sharon Housell and Christina Gildersleeve.

Generally, the use of "John Doe" defendants is not permitted in federal practice. Iseley v. Bucks County, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); Rosenthal v. State of Nevada, 514 F. Supp. 907, 914 (D. Nev. 1981); Breslin v. City & County of Philadelphia, 92 F.R.D. 764, 765

3

(E.D. Pa. 1981). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the defendants may be determined through pretrial discovery. See Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Productions & Leasing v. Hotel Conquistador, Inc., 573 F. Supp. 717, 725 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983).

IT IS, THEREFORE, ORDERED that the clerk of court forward appropriate process forms to plaintiffs. It is further

ORDERED that within twenty days, plaintiffs return the completed summons and service forms showing the names of the John Doe defendants and the addresses where they can be served. It is further

ORDERED that within twenty days, plaintiffs return the completed summons and service forms showing the addresses where defendants Denis Agniel, Paul Caspari, Christopher Thomson, Elisabeth Simpson, Sharon Housell and Christina Gildersleeve may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that plaintiffs' motion to supplement is granted. [43] It is further

ORDERED that plaintiffs' motion for appointment of counsel is denied, without prejudice. [45] It is further

RECOMMENDED that plaintiffs' motion for certification of a class action be denied. [36] It is further

RECOMMENDED that defendants' motion to dismiss plaintiff Sams' claims be granted, and Sams' claims be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915, because such claims are barred by res judicata. [39]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 30th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge