# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GREGORY L. SAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-4140-CV-C-SOW |
| ) | |
| LAWRENCE CRAWFORD, Director, ) | |
| Missouri Dept. of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On January 30, 2007, the United States Magistrate Judge recommended granting defendants' motion to dismiss plaintiff Sams' claims. The Magistrate Judge further recommended that plaintiffs' motion for certification of a class action be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff Sams on February 20, 2007. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff Sams cannot relitigate issues determined against him in his previous habeas corpus proceedings by filing the same claims in a 42 U.S.C. § 1983 action. See Morrissey v. Brewer, 408 U.S. 471, 490 (1972) (parolee cannot relitigate issues in a section 1983 action when such issues have been determined against him in another forum). The case cited by plaintiff in support of bringing his claims under section 1983, Rhodes v. Hannigan, 12 F.3d 989 (10th Cir. 1993), is distinguishable from plaintiff's claims in the instant action. In Rhodes, the plaintiff's claims had been determined in his favor in his previous habeas petition; thus, the plaintiff's section 1983 action was a suit seeking damages regarding the violation of constitutional rights already affirmed by the Tenth Circuit. In the instant case, plaintiff's

habeas petition was denied; therefore, although plaintiff is requesting a new parole hearing, rather than immediate or speedier release, he seeks to invalidate the same wrongs in both proceedings. A finding by this court that plaintiff's constitutional rights of due process were violated in his parole revocation proceedings would be contrary to the findings of the habeas court, which denied such claims in plaintiff's habeas proceedings. Thus, plaintiff Sams' claims are barred by the doctrine of res judicata.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On February 7, 2007, plaintiff Gregory L. Sams filed a motion seeking the court to enter judgment on his behalf against defendants Lawrence Crawford, et al. Defendants have filed a motion to strike, or alternatively, a motion to stay their response pending completion of discovery. In light of the foregoing, plaintiff's motion is denied.

IT IS, THEREFORE, ORDERED that plaintiff Sams' motion for partial summary judgment is denied. [49] It is further

ORDERED that defendants' motion to strike or alternative motion to stay their response pending completion of discovery is denied as moot. [53] It is further

ORDERED that the Magistrate Judge's Report and Recommendation is adopted. [48] It is further

ORDERED that defendants' motion to dismiss plaintiff Sams' claims is granted, and Sams' claims are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915, because such claims are barred by the doctrine of res judicata. [39] It is further

ORDERED that plaintiffs' motion for certification of a class action is denied. [36]

/s/Scott O. Wright  
SCOTT O. WRIGHT  
Senior United States District Judge

Dated: April 9, 2007

2

Case 2:05-cv-04140-SOW   Document 72   Filed 04/09/07   Page 2 of 2