# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| EDWARD S. WALSH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-4140-CV-C-SOW |
| ) | |
| LAWRENCE CRAWFORD, Director, ) | |
| Missouri Dept. of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs, inmates confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants filed a motion to dismiss on February 9, 2007. Plaintiffs have not filed a response, although a show cause order was entered on April 4, 2007.

In support of their motion, defendants argue that plaintiffs fail to allege how each of the defendants was personally involved in or had direct responsibility for the incidents of which they alleged resulted in injury. Defendants further argue that plaintiffs' claims appear to be based on respondeat superior, which is a theory of liability not actionable under 42 U.S.C. § 1983.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Plaintiffs' claims in this case, as remanded and set forth by the United States Court of Appeals for the Eighth Circuit, allege that plaintiffs' due process rights were violated in the parole revocation proceedings against them, in that defendants, in implementing the procedures

for revocation, failed to inform them of their constitutional rights prior to parole revocation hearings. Specifically, plaintiffs allege that parole officers merely gave them a booklet, titled "Rights of Offender to Preliminary and Revocation Hearing," which provided incomplete information about the extent of their rights and induced them to waive their rights to preliminary hearings; Missouri's parole revocation hearing system did not comport with the minimum due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471 (1972); and Missouri used unsigned parole violation field reports prior to revocation hearings to determine probable cause for revocation and alleged parole violators were not given copies of these reports until they had waived their preliminary hearings, preventing parolees from refuting any information in the reports. Plaintiffs have requested damages, new parole revocation hearings, appointment of counsel, full compliance with Morrissey, and other declaratory relief.

In construing plaintiffs' pro se complaint liberally and in the light most favorable to them, this court finds plaintiffs' claims against defendants are sufficient for them to proceed on their claims challenging the constitutionality of Missouri's parole revocation procedures and proceedings. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197 (2007) ("a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Plaintiffs' original complaint, when coupled with their two supplements, provide that the named defendants were either directly involved in the parole revocation proceedings involving plaintiffs or are charged with establishing the revocation procedures for the State of Missouri. Plaintiffs' complaint alleges that these proceedings/procedures have caused the constitutional violations against them. Thus, although respondeat superior is not actionable under section 1983, and plaintiffs' claims are not as precise as this court would prefer, the court, in liberally construing plaintiffs' claims, is willing to allow plaintiffs to proceed at this stage in the proceedings.

Plaintiff Gregory Sams' claims were dismissed in this case on April 9, 2007. Therefore, his filed motions, which have not been joined by the remaining plaintiffs in this case, seeking an order to find defendants in violation of court order regarding initial disclosures, and for discovery, are denied as moot.

IT IS, THEREFORE, ORDERED that plaintiff Gregory Sams' motions seeking an order finding defendants in violation of court order regarding initial disclosures and for discovery are denied as moot. [68, 71]  It is further

RECOMMENDED that defendants' motion to dismiss be denied [51].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 15th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge