# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| EDWARD S. WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4140-CV-C-SOW |
| | ) | |
| LAWRENCE CRAWFORD, Director, | ) | |
| Missouri Dept. of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Edward S. Walsh, formerly confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants filed a motion for summary judgment on the remaining claims of plaintiff Walsh on August 8, 2007. Despite an order to show cause, plaintiff has not responded to the motion.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

This case was remanded from the United States Court of Appeals for the Eighth Circuit on the claims of plaintiffs Gregory Sams and Edward Walsh that the procedures used in their parole revocation proceedings were unconstitutional. Their complaint seeks declaratory relief, a new parole revocation hearing, and damages. Mr. Walsh is the only remaining plaintiff on the complaint.

Upon review of the motion for summary judgment and supporting exhibits, and the lack of opposition by plaintiff Walsh, this court finds defendants' summary judgment has merit. Plaintiff filed this action seeking a new revocation hearing after his sentence, for which his parole had been revoked, was completed in full in August of 2004. Thus, plaintiff has no standing on which to seek the new parole revocation hearing requested in this action. Further, plaintiff has come forward with no evidence to support his claims that his constitutional rights were violated during his parole revocation proceedings, when he waived his final parole revocation hearing and his parole was subsequently revoked. Walsh admitted at the time of his revocation that he violated his parole on numerous grounds, including leaving the United States and the State of Missouri without notice or permission, alcohol use, and violations of the law, and realized that the Board of Probation and Parole had sufficient information to revoke his parole. Moreover, Walsh also admits in his deposition that he had read the booklet provided to him, titled "Rights of Offenders to a Preliminary and Final Revocation Hearing," but waived his final parole revocation hearing on a hope for leniency by the Parole Board, and not based on the information or lack of information provided to him in the booklet or from any defendant. Based

on Walsh's own admissions (the court notes Walsh is a college graduate and not a novice to court proceedings), there is no basis for this court to address the deeper issues of constitutionality of Missouri revocation proceedings.[1]

Therefore, based on plaintiff Walsh's lack of standing and evidence to support a claim that his constitutional rights were violated at the proceedings revoking his parole, there is no dispute of material fact which would require a trial. Defendants are entitled to judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. [89]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 3rd day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[1] The court notes although this case does not require the court to reach the issue of the constitutionality of the Missouri parole proceedings, the uncontested evidence submitted in this case strongly suggests that the proceedings comport with the due process requirements set forth in Morrisey v. Brewer, 408 U.S. 471 (1972).

3